UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Peggy Nestor <br><br>                           Debtor. <br><br> Marianne Nestor, <br><br>                           Appellant, <br><br>                           -v.- <br><br> Albert Togut, <br><br>                           Appellee. | 24 Civ. 05891 (JHR) (SLC) <br><br> <u>ORDER ADOPTING REPORT</u> <br> <u>AND RECOMMENDATION</u> |

JENNIFER H. REARDEN, District Judge:

      Appellant Marianne Nestor, acting *pro se*, brings this appeal seeking review of an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *See* ECF No. 1. Before the Court is the Report and Recommendation of Magistrate Judge Sarah L. Cave recommending that Appellant's appeal be "dismissed without prejudice." ECF No. 5 at 6. For the reasons set forth below, the Court overrules Appellee's objection, adopts the Report and Recommendation, and dismisses Appellant's appeal without prejudice.

## BACKGROUND[1]

      Peggy Nestor, Appellant's sister, filed for Chapter 11 bankruptcy in the Bankruptcy Court on April 25, 2023. *See In re: Nestor,* No. 23-10627 (MEW) (Bankr. S.D.N.Y.) (the "Bankruptcy Proceedings"), ECF No. 1. Appellant seemingly became involved in the Bankruptcy Proceedings through her co-ownership of a property with her sister (the "Property"). *See id* at ECF No. 73 ¶¶ 14-32.

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 5.

"At issue in this appeal is a June 21, 2024 decision by the Honorable Michael E. Wiles authorizing the Chapter 11 Trustee assigned in the Bankruptcy Proceedings to employ Vinay Agarwal, CPA, LLC as his accountants."  ECF No. 5 at 2.  On August 2, 2024, the appeal was assigned to this Court.  *See* ECF No. 1.  On September 10, 2024, the Court referred the case to Judge Cave for general pretrial purposes and for a Report and Recommendation on dispositive motions.  ECF No. 2.

On October 10, 2024, Judge Cave issued an order (the "OTSC") directing Appellant "to show cause why this case should not be dismissed for lack of subject matter jurisdiction."  ECF No. 3 at 4.  Federal Rule of Bankruptcy Procedure 8002(a) requires that "a notice of appeal be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  *Id*. at 2 (internal quotation marks omitted).  Judge Cave observed that Appellant "did not file her notice of appeal within fourteen days of the order she appeals."  *Id*. at 3.  The OTSC provided Appellant with an "opportunity to rebut," by October 24, 2024, "th[e] conclusion" that "the Court lacks subject matter jurisdiction to consider [her] appeal."  *Id*. at 4.  On October 22, 2024, Appellant filed an omnibus response to the OTSC (and to similar orders to show cause issued in her other appeals).  ECF No. 4.

On November 19, 2024, Judge Cave issued a Report and Recommendation recommending that the "appeal be dismissed without prejudice" because "the Court lacks jurisdiction."  ECF No. 5 at 6.  The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file written objections."  *Id*. at 7.  The Report and Recommendation also cautioned that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**."  *Id.*  On November 26, 2024, Appellee filed an objection to the Report and Recommendation.  ECF No. 7.

2

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (same), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023); *Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064 (GBD) (SN), 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

With respect to any portions of the report and recommendation as to which no objection is made, the Court may adopt such portions "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527 (RA) (RLE), 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A report and recommendation is "clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon*, 2023 WL 1516905, at *2 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Appellee "ma[de] [a] limited objection to the [Report and] Recommendation," arguing that "dismissal of the Appeal should be *with* prejudice, and not without prejudice as recommended in the Report [and Recommendation]."  ECF No. 7 at 2.  Appellee contends that "[Appellant] and the Debtor have filed untimely appeals from nearly every order that has been entered by the Bankruptcy Court after Appellee was appointed as Trustee," and that "[t]hese appeals are . . . attempts to impede the Trustee's efforts to administer the Estate and investigate the Debtor's affairs by implementing lawful orders of the Bankruptcy Court;" "are costly to the estate;" and "serve no useful purpose."  *Id*. at 2, 3.  Thus, Appellee submits that "dismissal of the Appeal without prejudice will allow [Appellant] to refile the time-barred appeals, which would further prejudice Appellee and the Debtor's creditors."  *Id*. at 3.

"The Court reviews this issue *de novo*."  *Richardson v. City of New York*, No. 21 Civ. 5080 (PAE) (KHP), 2023 WL 1777323, at *2 (S.D.N.Y. Feb. 6, 2023) (reviewing *de novo* issue of whether Complaint should be dismissed without prejudice where "[d]efendants' sole objection . . . to the Report [and Recommendation was to its] recommendation that the Court dismiss [plaintiff]'s [c]omplaint without prejudice" and "where [d]efendants argue[d] that the Complaint should be dismissed with prejudice because it [wa]s irreparably procedurally defective . . . such that an amendment would be futile").  However, "[w]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."  *Gristina v. Merchan*, No. 21 Civ. 8608 (PAC), 2022 WL 1597732, at *6 (S.D.N.Y. May 19, 2022) (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)), *aff'd*, 131 F.4th 82 (2d Cir. 2025); *see also In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("[T]he time limit contained in [Federal Rule of Bankruptcy Procedure] Rule 8002(a) is jurisdictional, and [], in the absence of a timely notice of appeal . . . , the district court is without jurisdiction to consider the appeal[.]"); *In re Residential Cap., LLC*, No. 14 Civ. 9723 (PAE), 2015 WL 405570, at *1 (S.D.N.Y. Jan. 30, 2015) ("*In re*

4

*Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) []abrogat[ed] *In re Siemon* but still recogniz[ed] that the 'time limits . . . prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters' are jurisdictional." (quoting *In re Indu Craft, Inc.*, 749 F.3d at 115)); *Smith v. Deutsche Bank Nat'l Tr. Co.*, No. 17 Civ. 11572 (NMG), 2017 WL 3668595, at *3 (D. Mass. Aug. 24, 2017) ("dismiss[ing] [] action without prejudice for lack of jurisdiction" because, in part, "[e]ven if th[e] court were to construe [p]laintiff's complaint as a notice of appeal of the order of the bankruptcy court, the court would lack jurisdiction to entertain the appeal" given that plaintiff had "commenced th[e] action more than fourteen days after [issuance of] the [relevant] bankruptcy court orders").

Accordingly, the Report and Recommendation is adopted in its entirety. ECF No. 5 at 6. The Court dismisses Appellant's appeal without prejudice.

The Clerk of the Court is directed to close the case and to mail a copy of this Order to Appellant.

SO ORDERED.

Dated:   July 25, 2025
         New York, New York

*[signature: Jennifer H. Rearden]*
JENNIFER H. REARDEN
United States District Judge

5